THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN L. BUFFORD, SR. et al., Defendants-Appellants.

(Nos. 53579, 53580, 53581 cons.; )

First District—April 23, 1971.

Howard T. Savage, of Chicago, for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Bernard A. Polikoff, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE ENGLISH delivered the opinion of the court:

## OFFENSES CHARGED

Contempt of court for violation of Rule 0.7 of the Rules of the Circuit Court of Cook County, which prohibits "loitering in or about the rooms or corridors of the courthouses."

## JUDGMENT

After a bench trial, the three defendants were found guilty. Ford McGee was fined $100, Edward McGee $300, and Bufford $300. All were "released on probation" for one year.

## CONTENTIONS RAISED ON APPEAL

1. The evidence is insufficient to sustain the charge.

2. The contempt proceedings against defendants were improperly brought and conducted.

3. The rule of the Circuit Court is invalid.

4. The court erred in its ruling on the admissibility of evidence.

## EVIDENCE

*Detective Edward Adams,* for the State:

He is with the Cook County Sheriff's police. On March 16, 1968, he observed defendants in the main public corridor of the County Building between 10:00 A.M. and noon. He had prior information that there were ministers soliciting for marriages in the County Building. He saw defendant John Bufford, Sr., approach eight couples on the Clark Street side of the County Building and three couples on the Randolph Street side. The witness took a business card of defendant Bufford from one of the couples and a number of cards from that defendant himself. He

then placed him under arrest. He did not know whether any of the couples were familiar with defendants.

*Detective William Buford,* for the State:

He also is with the Cook County Sheriff's police. He observed Edward McGee and Ford McGee in the first-floor public corridor of the County Building on the morning of March 16, 1968. He watched Ford McGee for about twenty minutes, during which time defendant stopped about fifteen couples, had conversations with them, and gave them business cards. He confiscated the cards and arrested Ford McGee. He also saw Edward McGee passing out cards, and arrested him. The witness did not know whether the couples knew defendants.

*John L. Bufford, Sr.,* in his own behalf:

He is pastor of the First Tabernacle Community Church with a congregation of about 3,000, and had been a minister for 33 years. He is a graduate of Union Theological Seminary, Birmingham, Alabama, and a marriage counselor. He was standing out on the sidewalk when he was arrested. He was not in the County Building on Saturday morning, March 16, 1968, but he was in the City Hall side of the building. He did not give out any cards in the County Building and did not see anyone else doing so. His purpose for being there was to meet people who had called him because they wanted to be served by a minister, but he had no appointments that day. The arresting officer searched him and took some church literature and his church seal from his brief case.

*Ford McGee, Jr.,* in his own behalf:

He is an ordained minister. On the day in question he was not in the County Building, but was in the City Hall. He was not passing out cards. When he was arrested, some business cards were taken from him. He may have talked to some people, but did not know who they were, specifically.

*Edward McGee,* in his own behalf:

He is a photographer and the brother of Ford McGee. On the day in question he was in the Loop to buy some film and to see his brother. Some business cards were confiscated from him by the officers who arrested him.

*Geraldine Dickson,* for the defense:

She is a clerk for Reverend Bufford and Reverend McGee at their marriage counseling office at 54 West Randolph. She saw an officer arrest Reverend Bufford on the Clark Street side of the County Building and take him into the building.

*OPINION*

■■ Circuit Court Rule 0.7(b) prohibits "loitering in or about the

rooms or corridors of the courthouses * * * ." A person violating this rule is subject to a charge of indirect criminal contempt of court for which a penalty may be imposed only on proof of guilt beyond a reasonable doubt. (*People v. Gerrard*, 15 Ill.App.2d 301, 305—06 (and cases cited therein) ). As stated in *People v. Gholson*, 412 Ill. 294, 298 (the case upon which the State places its principal reliance), a contempt of court is

> "* * * any act which is calculated to embarrass, hinder, or obstruct a court in the administration of justice, or which is calculated to lessen its authority or dignity."

The State's evidence in the instant case shows that defendants were passing out business cards in the first-floor main public corridor of the County Building on a Saturday morning. Although no evidence was offered on the question, the trial court took judicial notice of the fact that while courts, in general, were not in session, "the Marriage Court is in session every Saturday." The Marriage Court is on the second floor.

■■ No evidence was offered to show that defendants' conduct was calculated to, or did, in fact, embarrass any court or obstruct or hinder court business. While defendants were shown to have been in the corridor of the courthouse, no evidence was offered to show that their conduct or presence constituted "loitering" within any ordinarily understood meaning of the word. Nor was there adequate proof that defendants' acts were intended to lessen the authority or dignity of the court or hinder it in the administration of justice. We find, therefore, that defendants were not proven guilty beyond a reasonable doubt.

In view of this decision, it is unnecessary to discuss defendants' other contentions.

The judgments are reversed.

Judgments reversed.

DRUCKER and LORENZ, JJ., concur.